### BEFORE THE FIRST DIVISION, MARCH 26, 1962

**No. 66606.**—Guy B. Barham Company, a/c KLM Royal Dutch Airlines *v.* United States, protest 60/16567 (Los Angeles).

MOLLISON, Judge: This protest is directed against the refusal of the collector to allow as drawback, under section 313, Tariff Act of 1930, as amended, 99 per centum of the duties which had been paid upon the importation of certain wool upholstery material. Drawback was denied on the ground of alleged noncompliance with the provisions of section 22.3 of the Customs Regulations, as amended, relating to the application of a drawback rate by primary, intermediate, and final manufacturers of articles produced with the use of imported materials on which drawback is to be claimed.

The protest claim is that the processing performed by one of the manufacturers who did not have a drawback rate was one which did not require the establishment of such rate, presumably on the ground that such processing did not amount to manufacture.

The protest has been submitted for decision upon a stipulation of fact, reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiffs and the Assistant Attorney General for the United States, subject to the approval of this Court, that the Record as presently made in the above entitled protest be physically expunged and that the above entitled protest be submitted on the following agreed statements of fact:

1. That the merchandise involved herein consists of wool upholstery material of blue and gray colors;

2. That 1,328 lineal yards of this merchandise was used by Hartman Tool & Engineering to manufacture this material into upholstery seat covers for new Constellation airplanes purchased by Royal Dutch Airlines.

3. That 1,146 lineal yards was exported under Customs supervision in the form of upholstery seat covers and 182 lineal yards was destroyed as waste.

4. That 1,663 pounds of this material was used by Hartman Tool & Engineering to manufacture the material into the form of upholstery seat covers.

5. That 1,587 pounds of this material was exported in the form of upholstery seat covers and 76 pounds was destroyed as waste.

6. That Hartman Tool & Engineering has a drawback rate established as of June 24, 1957, being drawback number DB 731.1.

7. That Geltman Sponging Corp., which sponged and pressed the fabric prior to it being processed into the form of upholstery seat covers by the Hartman Tool & Engineering, did not do any manufacturing or production on this material within the meaning of those terms as used in Section 313(a) of the Tariff Act.

8. That all of the provisions of the Customs Regulations pertaining to drawback were complied with.

IT IS HEREBY STIPULATED AND AGREED that the protest be submitted on this stipulation, the protest being limited to the quantity of imported material appearing in the exported articles.

On the agreed facts and in accordance with the limitation of claim expressed in the said stipulation, we find that the sponging and pressing processes performed upon the imported material did not constitute manufacture or production, within the meaning of those terms, as used in section 313(a), Tariff Act of 1930, *supra*.

Judgment will, therefore, issue sustaining the protest claim for drawback to the extent of 99 per centum of the duties paid upon the importation of 1,146 lineal yards, 1,587 pounds, of the imported material.